IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

RICARDO TOWNSEND,

              Defendant.

No. 3:08-cr-0069-JAJ

**FINAL INSTRUCTIONS
TO THE JURY**

## INSTRUCTION NO. 1
## INTRODUCTION/DUTIES

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because *all* are important.  This is true even though some of those I gave you at the beginning of trial are not repeated here.

In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

**INSTRUCTION NO. 2**

**<u>EVIDENCE</u>**

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated.  The government and the defendant have stipulated or agreed that certain facts are true.  You must therefore treat those facts as having been proved.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.  Lawyers have an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Anything that you saw or heard about this case outside the courtroom is not evidence.

2

# INSTRUCTION NO. 3
## CREDIBILITY

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

A witness may be discredited or impeached by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.  If earlier statements of a witness were admitted into evidence, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and therefore whether they affect the credibility of that witness.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You have heard evidence that some witnesses hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the

government in this case.  Their plea agreements with the government provide that in return for assistance, the government may recommend a less severe sentence, which could be less than the mandatory minimum sentence for the crime with which a defendant is charged.

If the prosecutor handling the case believes that they have provided substantial assistance, the prosecutor can file in the court in which the charges are pending against the witness a motion to reduce his or her sentence below the statutory minimum.  The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion.  If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of these witnesses such weight as you think it deserves. Whether or not their testimony may have been influenced by their hope of receiving a reduced sentence is for you to decide.

You have also heard testimony that some witnesses currently have criminal cases pending against them and that they hope to receive some benefit with respect to their case by testifying in this trial.  It is for you to determine whether any expectation of benefit affects that witness' credibility.

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion and all the other evidence in the case.

**INSTRUCTION NO. 4**

**INDICTMENT / PRESUMPTION OF INNOCENCE / REASONABLE DOUBT**

The Indictment in this case charges that the defendant committed a drug crime. The defendant has pleaded not guilty to the charge.

As I told you at the beginning of the trial, an Indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus, the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the particular crime charged.

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# INSTRUCTION NO. 5

## ELEMENTS OF THE OFFENSES

Count 1 of the Indictment charges that:

Beginning by on or during September 2005, and continuing to on or during January 2008, in and about Johnson County in the Southern District of Iowa, the defendant did knowingly and intentionally conspire with other persons to knowingly distribute at least 50 grams of a mixture or substance containing cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

You must determine whether the government proved all three elements of this crime, which are:

*First*, by on or during September 2005, and continuing to on or during January 2008, two or more persons reached an agreement or came to an understanding to distribute crack cocaine, a Schedule II controlled substance;

*Second*, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Third*, that at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

For you to find the defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt.  Otherwise, you must find the defendant not guilty.

You are instructed that crack cocaine is a Schedule II controlled substance.

6

## INSTRUCTION NO.6
### DEFINITIONS

### INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else.  An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in determining the defendant's knowledge or intent.  You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  The government is not required to prove that the defendant knew that his actions were unlawful.

### ON OR ABOUT

The Indictment charges that the offense was committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date or dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the day or dates charged.

### AGREEMENT

With respect to the conspiracy charge, the government must prove that the defendant reached an agreement or understanding with at least one other person.  It makes no difference whether the person is a defendant or named in the Indictment.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.  Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

7

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.  A person who has no knowledge of a conspiracy but who happens to act in a way that advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding without knowing all the details of the agreement or understanding, and without knowing who all the members are. Further it is not necessary that a person agree to play a particular part in carrying out the agreement or understanding.  A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracy alleged in the Indictment existed.  If you find that the alleged conspiracy did exist, you must also determine whether the defendant voluntarily and intentionally joined it, either at the time it was first formed or at some later time while it was still in effect.  In making the decision as to whether the defendant joined the conspiracy, you must consider only evidence of the defendant's own actions and statements.

## SUCCESS IMMATERIAL

It is not necessary for the government to prove that the co-conspirators actually succeeded in accomplishing their unlawful plan.

## DISTRIBUTION OF CRACK COCAINE

To assist you in determining whether there was an agreement or understanding to distribute crack cocaine, you are advised that the elements of distribution of crack cocaine are:

*First*, that the defendant intentionally transferred crack cocaine to another person; and

*Second*, that at the time of the transfer, the defendant knew it was crack cocaine.

Again, keep in mind that Count I of the Indictment charges a conspiracy to distribute crack cocaine, not that the offense was actually committed.

## INSTRUCTION NO. 7
## <u>QUANTITY DETERMINATIONS</u>

With respect to the crime charged in the Indictment, the government is not required to prove that the defendant conspired to distribute any particular amount of crack cocaine in order for him to be found guilty.

If, however, you find the defendant guilty of conspiracy to distribute crack cocaine, as charged in the Indictment, you must also determine, beyond a reasonable doubt, the amount of crack cocaine that the defendant conspired to distribute.

In the verdict form, you will be asked to determine whether the defendant conspired to distribute:

1.      Fifty (50) grams or more of crack cocaine;

2.      Five (5) grams or more, but less than fifty (50) grams of crack cocaine; or

3.      Less than five (5) grams of crack cocaine.

A defendant who is found guilty of conspiracy to distribute crack cocaine, as alleged in Count 1 of the Indictment, is responsible for the quantities of any crack cocaine that he actually distributed.  He is also responsible for  quantities of crack cocaine that fellow conspirators distributed, if he knew about them or they were reasonably foreseeable to him.

You will record your determinations on the verdict form.

You are instructed that:

1 ounce = 28.35 grams
1 kilogram = 1000 grams

## INSTRUCTION NO. 8
## <u>DUTY DURING DELIBERATIONS</u>

In conducting your deliberations and reaching your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. Your verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officers, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your vote on any issue stands numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be

unanimous.   Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

   *Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form and date it and each of you will sign it as well. Then advise the Court Security Officer that you are ready to return to the courtroom.

   **DATED** this 25th day of February, 2009.



                              JOHN A. JARVEY
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF IOWA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### DAVENPORT DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

RICARDO TOWNSEND,

               Defendant.

No. 3:08cr00069-JAJ

**VERDICT FORM**

_____

## COUNT 1 - Conspiracy to Distribute Crack Cocaine

With regard to the crime of Conspiracy to Distribute Crack Cocaine, as charged in Count 1 of the Indictment, we, the jury, find the defendant, Ricardo Townsend:

_____ NOT GUILTY           _____ GUILTY

**NOTE:** If you found the defendant "guilty" of the crime charged in Count 1 of the Indictment, you *must* answer the following interrogatory.

<u>Interrogatory #1</u>:     We, the jury, find beyond a reasonable doubt, that the amount of crack cocaine involved in the conspiracy was:

_____ Fifty (50) grams or more of crack cocaine;

_____ Five (5) grams or more, but less than fifty (50) grams of crack cocaine; or

_____ Less than five (5) grams of crack cocaine.

1

We, the jury, unanimously agree to the verdict above.


Date: _____       _____
                                             Foreperson


_____       _____
Juror                                        Juror


_____       _____
Juror                                        Juror


_____       _____
Juror                                        Juror


_____       _____
Juror                                        Juror


_____       _____
Juror                                        Juror


_____
Juror

2