IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:08-cr-69 |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO |
| RICARDO TOWNSEND, | ) | REDUCE SENTENCE PURSUANT |
| | ) | TO FIRST STEP ACT |
| Defendant. | ) | |

The United States of America for the Southern District of Iowa, by and through Special Assistant United States Attorney Caleb J. Copley, respectfully submits the following response to defendant's Motion to Reduce Sentence Pursuant to the First Step Act.

## I. FACTS

On February 25, 2009, the defendant was convicted at trial of Conspiracy to Distribute Cocaine Base ("crack"). (DCD 46.) The jury found that the amount of cocaine base involved in the conspiracy exceeded fifty grams. (*Id*.) The Final Presentence Investigation Report (PSR) attributed 45,983 kilograms of converted drug weight to the defendant for the 2,299.15 grams of cocaine base involved in the offense, 6.37 kilograms of converted drug weight for involved cocaine powder, and 5.94 kilograms of converted drug weight for involved heroin. (PSR ¶ 22, DCD 53.) Based on trial testimony, the defendant also received a four-level guideline enhancement for being the organizer and/or leader of a group with five or more participants. (PSR ¶ 23.)

1

Prior to sentencing, the defendant's United States Sentencing Guideline (USSG) range was calculated as follows:

| | |
|---|---:|
| USSG §2D1.1 (base offense level): | 36 |
| USSG §3B1.1(a) (organizer or leader): | +4 |
| Adjusted Offense Level: | 40 |
| Total Offense Level: | 40 |

(PSR pp. 11-12, ¶¶ 28-36.) The defendant was determined to be a criminal history category VI, and a career offender pursuant to USSG §4B1.1. (PSR ¶ 50.) Because the defendant had two prior serious drug felonies, his applicable guideline range was life imprisonment. (PSR ¶ 93.) On July 1, 2009, the district court sentenced the defendant to life imprisonment. (DCD 55.) The defendant appealed his conviction to the Eighth Circuit, who later determined that his conviction was supported by the evidence presented at trial. (DCD 69-2.) This evidence included the testimony of nine cooperating witnesses coupled with law enforcement's overarching investigation and the seizure of drugs from the defendant's mobile home. (*Id*.)

On December 15, 2020, the defendant filed a motion to reduce his sentence under the First Step Act. (DCD 86.) Under the current Guidelines, the defendant's advisory range would be calculated as follows:

| | |
|---|---:|
| USSG §4B1.1 (career offender)[1]: | 37 |
| Total Offense Level: | 37 |

---

[1] Under the current guidelines, the base offense level based on converted drug weight would be 32. With the addition of four points added for a leadership role, the defendant's total offense level would be 36. Pursuant to USSG §4B1.1(b), because the offense level for the defendant's career offender status is higher, it applies.

Level 37/Criminal History VI = 360-life imprisonment.

## II.   ARGUMENT

### The First Step Act

On December 21, 2018, the First Step Act made certain provisions of the Fair Sentencing Act (FSA) retroactive to defendants who received mandatory minimum sentences prior to August 3, 2010. *First Step Act*, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 2 of the FSA amended the threshold drug quantities in § 841(b)(1)(A) from 50 to 280 grams of cocaine base, and in § 841(b)(1)(B) from 5 to 28 grams of cocaine base. Under Section 404(a) of the First Step Act, a "covered offense" is a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed prior to August 3, 2010. Specifically, Section 404(b) states a court that imposes a sentence for a covered offense may, on motion of the defendant, impose a reduced sentence "as if" sections 2 and 3 of the FSA of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed. Section 404(c) includes further direction that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

### The Eighth Circuit has found that the language of a conspiracy indictment controls eligibility.

In reviewing application of the First Step Act, courts must first decide if a defendant is eligible for relief. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). If a defendant is eligible, then the court must decide, in its discretion, whether to grant a reduction. *Id*. The Eighth Circuit has recently found that if the statute of

3

conviction required proof that a defendant conspired to distribute 50 grams or more of cocaine base, and the FSA reduced the penalties for a 50 gram conspiracy, the defendant is eligible for relief. *United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020). In this case, the defendant was found guilty at trial pursuant to a statute that required proof that he conspired to distribute 50 grams or more of cocaine base. As a result, he is eligible for relief.

### The district court should exercise discretion and sentence the defendant within the adjusted guideline range.

Section 404(c) states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pursuant to Section 404(c), a sentencing court is not required to grant an eligible defendant a sentence reduction. *See United States v. Sherman*, No. 19-2145, 2020 WL 2758697, at *2 (8th Cir. May 28, 2020) (agreeing that consistent with Section 404(c), a district court is not obligated to reduce a sentence based on a showing of post-sentencing rehabilitation). The First Step Act does not command the reopening for a full plenary resentencing to allow submission of new facts and law not considered at the time of the original sentencing. In fact, no further hearing is required and the district court can exercise discretion based on the existing record of this case.

The defendant argues that the district court has broad discretion that should account for changes in the legal landscape since the time of sentencing, post offense rehabilitation, and all relevant § 3553(a) factors, past and present. The defendant's broad resentencing theory is contrary to the plain language of the First Step Act, and the narrow exceptions for reducing a sentence under § 3582(c). *See, United States v.*

4

*Koons*, 850 F.3d 973, 976 (8th Cir.), cert. granted, 138 S. Ct. 543, and aff'd, 138 S. Ct. 1783 (2018) (providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission). Section 404(b) directs that a court impose a reduced sentence only "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed," and nothing more. In statutory construction, the expression of one thing generally excludes another. *TRW Inc. v. Andrews*, 534 U.S. 19, 28-29 (2001). Based on this clear statutory language, a district court decides whether to adjust a sentence "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Hegwood*, 934 F.3d 414, 418-19 (5th Cir. 2019). The First Step Act and § 3582(c)(1)(B), read together, support a conclusion that any modification of the defendant's sentence is limited to application of the amended threshold crack cocaine quantities to the existing record of the case. In other words, as if the FSA was in existence at the time the covered offense was committed. Consistent with the "as if" language of the First Step Act, expressly applying only Section 2 of the FSA, is a conclusion that the district court can reach a decision on reduction based on the existing record, absent review of the range of new and additional information the defendant subsequently proposes.

    The one intervening change in law expressly authorized in the First Step Act

is retroactive application of the FSA. Indeed, the only changes actually relevant to the defendant, the FSA and the First Step Act, are being applied to his case. In effect, it is not these expressed changes in the law the defendant seeks to apply, but his perception that these changes advocate for an even larger reduction in his sentence. To the contrary, the significant sentencing reduction he proposes is not warranted. *See, United States v. Grant*, No. 19-3294, 2020 WL 2510401 at *2-*3 (8th Cir. May 15, 2020) (per curium) (finding no abuse of discretion for failure to consider how public policy with respect to the crime had changed).

Review of the § 3553(a) factors in the record do not warrant a significant reduction in the defendant's sentence. In reviewing a First Step Act motion, a district court may, but need not, consider the § 3553(a) factors. *United States v. Moore*, No. 19-3187, 2020 WL 3442714 at *1 (8th Cir. June 24, 2020) (rejecting this argument and finding that neither "impose" nor "complete review on the merits" mandates application of § 3553(a) factors). Section 404 is permissive, and the First Step Act does not mandate that district courts analyze the § 3553(a) factors for a permissive reduction in sentence. *Id*.

If these factors are considered, then district courts are allowed "wide latitude" to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. *United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017)(citations omitted). The seriousness of this offense is evident from the trial testimony and the PSR. This was a large conspiracy that involved countless individuals. The defendant was a leader in the conspiracy, a drug

seller, and he helped manufacture the cocaine base that would later be sold to customers. The conspiracy involved a significant amount of cocaine base. While it appears from his filing that he finally accepts responsibility for his conviction, his statements and behavior for the previous eleven and a half years showed a complete lack of accountability, despite overwhelming evidence offered against him at trial.

Prior to this conviction, the defendant's criminal history was extensive. His criminal history started at age sixteen with a conviction for criminal trespass to a vehicle. (PSR ¶ 37.) His behavior only escalated. He has prior drug felony convictions in 1992 (X2), 2002, 2006, and 2007. (PSR ¶¶ 38-46.) The defendant also has prior convictions for an unlawful and unregistered use of a weapon, armed robbery, and aggravated unlawful restraint. (*Id*. at ¶¶ 40-41.) The defendant's conduct in this case was committed while on parole and less than two years since being released from custody. (PSR ¶¶ 48-49.)

The defendant attempts to mitigate the two prior convictions that were used as the basis for his § 851 enhancement. As to his 1992 drug conviction, the defendant continues to deny any illegality, and argues guilt by association, despite his PSR noting that he sold cocaine to an undercover police officer and possessed 4.2 grams of suspected cocaine. (PSR ¶ 39.) Even if the government ignored that conviction, he would still have an applicable conviction given his armed robbery case from 1993. (PSR ¶ 41.) As it regards his 2002 drug conviction, the defendant attempts to justify his own illegal behavior at the time by arguing that corrupt police officers were doing the same thing. While the behavior of the law enforcement officers in those cases is

appalling, it does not erase the defendant's own illegal behavior, and it does not erase an extensive criminal history that came both before it and after it.

Even under the current Guidelines, the defendant's advisory range remains 360 months to life imprisonment. The advisory range also carries a mandatory minimum of at least ten years. The defendant was a leader of a long-standing, sophisticated, and successful drug trafficking organization. His criminal history, personal characteristics, and lack of acceptance of responsibility continues to warrant a sentence within the amended advisory guideline range.

Relatedly, if the First Step Act allows consideration of post-sentencing conduct, then a district court may consider post-sentencing conduct, but similar to the § 3553(a) factors, is not mandated to reduce a sentence based on this information. *United States v. Caffey*, No. 19-1679, 2020 WL 307228 at *1 (8th Cir. June 5, 2020) (citing *Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011)). The defendant's post-offense history in prison has been largely positive as noted in his filing. However he has received discipline for possessing an unauthorized item in 2015, destroying property worth $100 or less and interfering with a staff member in 2014. Balancing the positives and negatives of his post-sentencing conduct, weighed against the more significant and serious nature of his offense and criminal history, leads to the conclusion that a sentence within the amended guideline range is sufficient in this case.

WHEREFORE, for the reasons stated above, the government requests that the district court find that the defendant is eligible for relief under the First Step Act,

and use its discretion to sentence the defendant within the amended advisory guideline range.

        Respectfully submitted,

        Richard D. Westphal
        Acting United States Attorney

        By: /s/ *Caleb J. Copley*
        Caleb J. Copley
        Special Assistant United States Attorney
        United States Attorney's Office
        131 East 4th Street
        Davenport, Iowa 52801
        Office: (563) 449-5404
        Email: Caleb.Copley@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery
\_X\_\_ECF/Electronic filing \_\_\_\_Other means

UNITED STATES ATTORNEY
By: */s/ Caleb J. Copley*
   Special Assistant United States Attorney

9